IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAQUEL WILLIAMS, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-CV-1028-P |
| § | |
| WAL-MART STORES INC. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant Wal-Mart Stores, Inc. ("Wal-Mart")'s Motion to Dismiss and Original Answer [doc. 7] and its brief in support [doc. 9]. For the reasons stated herein, the Court **RECOMMENDS** that Wal-Mart's Motion to Dismiss [doc. 7] be **GRANTED** and that Williams' claims be **DISMISSED WITH PREJUDICE**.

### I.   BACKGROUND[1]

On September 15, 2023, *pro se* Plaintiff Raquel Williams ("Williams") filed this suit against Wal-Mart in the 96th Judicial District Court of Tarrant County, Texas. (ECF 1 at Exhibit B). On October 9, 2023, Wal-Mart removed the case to this Court. (ECF 1). Subsequently, on October 12, 2023, this Court ordered Williams to file an Amended Complaint. (ECF 5). Williams filed her Amended Compliant on October 18, 2023, which is the live pleading in this case. (ECF 6). In her Amended Complaint, Williams alleges that on September 15, 2021, she was shopping at a Wal-Mart Super Store in Fort Worth, Texas, when she heard a loud noise that prompted her to turn and look. (Plaintiff's Amended Complaint ("Complaint") at 1; Exhibit B). Williams alleges that when she turned to look, a sixty-five-inch television fell on her right leg. (*Id.*)

---

[1] The facts contained herein are a compilation of the one sentence of facts contained in Plaintiff's Amended Complaint and her demand letter to Wal-Mart that is attached to the Amended Complaint as "Exhibit B."

1

Williams alleges that as a result of this incident she has a permanent scar on her right leg. (Complaint at 2).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Twombly*, 550 U.S. at 555. Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III.  ANALYSIS

The argument section of Wal-Mart's Brief in Support of its Motion to Dismiss states, in its entirety:

> In the present case, Plaintiff's First Amended Complaint vaguely alleges that she was injured while shopping at a Wal-Mart store when a television fell on her right leg. *See Plaintiff's First Amended Complaint*, Section 1, Paragraph 2 [Doc. 6]. However, Plaintiff's complaint alleges no specific allegations of negligence by Wal-Mart, including no specific alleged acts/omissions relating to the alleged incident. Wal-Mart would further show that Plaintiff's conclusory allegations that she "should be entitled to the entire relief requested in the Petition" and that "Defendant pay 100[%] of the award that the Plaintiff is asking for and feels entitled to" are insufficient to satisfy the requirements of *Iqbal* and *Tombly*.

(Defendant's Brief ("Def.'s Br.") at 2).

In her response, Williams argues that she "can prove beyond doubt that while shopping in WAL-MART, she was injured . . . when a TV fell on her leg." (Plaintiff's Response ("Pl.'s Resp.") at 2). Further, Williams asserts that Wal-Mart "assumed responsibility . . . when the Incident was

written up by the Manager-On-Duty," and that no one from Wal-Mart has ever denied her claim. (Pl.'s Resp. at 2). Finally, in response to Wal-Mart's argument that Williams has failed to allege specific allegations of negligence, Williams states that she has requested, "via email, a copy of the video." (*Id.*)

"[N]egligent activity claims and premises liability claims involve two independent theories of recovery that fall within the scope of negligence." *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012) (citing *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214–15 (Tex. 2008); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Mayer v. Willowbrook Plaza Ltd.*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009 no pet.); *Brooks v. PRH Inv., Inc.*, 303 S.W.3d 920 (Tex. App. 2010)). Whereas "negligent activity claims involve 'affirmative, contemporaneous conduct by the owner that caused the injury,'" "premises liability claims encompass 'a nonfeasance theory based on the owner's failure to take measure to make the property safe.'" *Garcia*, 896 F. Supp. 2d at 579 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). To recover for negligence the plaintiff must have "been injured by or as a contemporaneous result of the 'activity itself' rather than by a 'condition' created by the activity." *Id.* (quoting *Brooks*, 303 S.W.3d at 923; *Olivo*, 952 S.W.2d at 527; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). "Cases involving potential liability for an on-premises *activity* 'are properly charged as typical negligence cases,' while cases involving potential liability for an on-premises *defect* are properly charged as premises liability cases.'" *Cain v. Cain*, 870 S.W.2d 676, 682 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (emphasis in original) (quoting *Physicians and Surgeons Gen. Hosp. v. Koblizek*, 752 S.W.2d 657 (Tex. App.—Corpus Christi 1988, writ denied)). Although distinct theories of recovery, an owner and occupier of land can be held liable for negligent activities and for

conditions on their premises. *See Weldon v. Wal-Mart Stores Tex.*, No. 1:15-CV-62, 2016 WL 4248931, at *5 (E.D. Tex. Aug. 11, 2016).

None of the scant facts in Williams' Amended Complaint amount to any alleged contemporaneous, ongoing negligent activity giving rise to liability under Texas law. Instead, Williams' factual allegations and her reference, contained in "Exhibit B," to the legal protections afforded to customers, indicate to the Court that Williams is claiming nonfeasance on Wal-Mart's part through its alleged failure to take measures to "protect [her] while on their premises." (Complaint at Exhibit B). Construing Williams' Amended Complaint liberally, the Court finds that Williams inartfully alleges that her injury was a result of a condition on the premises that Wal-Mart failed to remedy. Under Texas law, "[a]n omission or failure to act does not support a negligent activity claim." *Henderson v. Wal-Mart Stores, Inc.*, No. 1:14-CV-224, 2015 WL 3901755, at *5 (E.D. Tex. June 23, 2015). Thus, Wal-Mart's alleged failure "to protect [Williams] while on their premises," is akin to an alleged failure to act, and cannot be the underlying activity supporting a negligence claim. *Id.*; (Complaint at Exhibit B). Accordingly, the Court finds that Williams is thus limited to a premises liability cause of action against Wal-Mart. *See Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (requiring plaintiffs raising a negligence claim to show that they were injured by a contemporaneous result of the activity itself rather than by a condition created by the activity).

To prevail on a premises liability claim, a plaintiff-invitee must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Rivas v. Wal-Mart Stores Texas, L.L.C.*, No. 1:16-

5

CV-224, 2017 WL 4083189, at *3 (S.D. Tex. Aug. 11, 2017), report and recommendation adopted, No. 1:16-CV-224, 2017 WL 4082312 (S.D. Tex. Sept. 13, 2017), aff'd, 736 F. App'x 487 (5th Cir. 2018) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

Constructive knowledge "can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." CMH *Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101–03 (Tex. 2000). The Texas Supreme Court requires temporal evidence to support a finding of constructive knowledge. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002); *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006). Temporal evidence refers to "some proof of how long the hazard was there[.]" *Reece*, 81 S.W.3d at 816. For example, pleading that an alleged hazard had been on the floor "for an extended period of time" could suffice to show a premises owner's constructive knowledge. *Spates*, 186 S.W.3d at 568. But "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816.

In this case, Williams has not pled that Wal-Mart had actual knowledge of any alleged dangerous condition that resulted in the television falling. *(See generally* Complaint). Thus, for Williams to have sufficiently alleged a claim upon which relief can be granted, she must have pled that Wal-Mart had constructive knowledge of the dangerous condition. *Twombly*, 550 U.S. at 555. A review of Williams' Amended Complaint, the attached exhibit, and her response to this motion, reveal that Williams makes no allegations that could be viewed as temporal evidence. Even assuming without deciding that the television falling is evidence that a dangerous condition existed, Williams did not plead how the dangerous condition came about, how long it existed prior

to the incident, nor that it would have been discovered upon reasonable inspection. (*See generally* Complaint, *see also* Pl.'s Resp.). Premises owners are not strictly liable for any conditions that result in injury and the mere presence of a dangerous condition does not impute constructive knowledge on a defendant. *See, e.g., Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Because Williams failed to plead any facts which could be liberally construed to indicate that Wal-Mart had actual or constructive knowledge of an alleged dangerous condition, she has failed to state a claim upon which relief can be granted. Accordingly, the Court **RECOMMENDS** that Wal-Mart's Motion to Dismiss [doc. 7] be **GRANTED** and that Williams' claims be **DISMISSED WITH PREJUDICE**.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that Wal-Mart's Motion to Dismiss [doc. 7] be **GRANTED** and that Williams' claims be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 13, 2023,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 29, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE