UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RAQUEL WILLIAMS,**

   Plaintiff,

v.                  **No. 4:23-cv-01028-P**

**WAL-MART STORES, INC.,**

   Defendant.

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge entered Findings, Conclusions, and a Recommendation ("FCR") for this case on November 29, 2023. *See* ECF No. 11. Plaintiff Raquel Williams objected to the FCR on December 12, *see* ECF No. 12, so the Court conducted a *de novo* review. For the reasons detailed in the FCR and explained below, the Court **ACCEPTS IN PART** the reasoning of the Magistrate Judge and **DISMISSES** this case **without prejudice**.

The FCR recommends that the Court grant Defendant Wal-Mart's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 11 at 2; *see also* ECF No. 7. As detailed in the FCR, "[n]one of the scant facts in Williams' Amended Complaint amount to any alleged contemporaneous, ongoing negligent activity giving rise to liability [for Wal-Mart] under Texas law." ECF No. 11 at 5. Plaintiff counters that she "can prove beyond doubt that while shopping in WAL-MART, she was injured . . . when a TV fell on her leg." ECF No. 10 at 2. While that showing is necessary to state a viable claim, it is not sufficient. *See* ECF No. 11 at 4–5 (collecting cases). Without factual allegations establishing Wal-Mart's duty to Williams and subsequent breach thereof, Williams fails to state a claim for which relief can be granted, warranting dismissal of her case. *See* FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

The Court only deviates from the FCR vis-à-vis dismissal with prejudice. The FCR recommends that the Court dismiss Williams' claim with prejudice. *See* ECF No. 11 at 7. But the Court typically dismisses cases on the pleadings without prejudice to allow plaintiffs an opportunity to replead a legally cognizable claim without the identified infirmities. The only exception to this rule is triggered if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Cates v. Int'l Tel. & Tel. Co.*, 756 F.2d 1161, 1179–80 (5th Cir. 1985). While Williams does not plead a legally cognizable claim at this juncture, she does not affirmatively plead herself out of a case. *See* ECF No. 11 at 7 ("Because Williams failed to plead any facts which could be liberally construed to indicate that Wal-Mart had actual or constructive knowledge of an alleged dangerous condition, she has failed to state a claim on which relief can be granted."). If Williams is aware of facts that would establish such knowledge, she may refile a new case that sets forth those facts.

Williams' objections reiterated the pleadings standard and made a series of statements regarding the viability of her claim and her interactions with counsel for Defendant Wal-Mart. *See* ECF No. 12 at 2–3. As nothing in the objections casts into doubt the FCR's findings of fact or conclusions of law, the Court **OVERRULES** Williams' objections. Accordingly, the Court **ORDERS** that this case is **DISMISSED without prejudice**.

**SO ORDERED** on this **11th day** of **March 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE